UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                         Plaintiff,

                                                                 DECISION AND ORDER

                                                                 05-CR-6058L
                                                                 06-CV-6367L

            v.

JOSE BENITEZ-GOMEZ,

                        Defendant.
_____

       Defendant Jose Benitez-Gomez ("Benitez-Gomez") has filed a motion pursuant to 28 U.S.C. § 2255 to vacate the judgment and conviction in this case. The motion is denied and the petition is dismissed.

       Benitez-Gomez waived indictment and pleaded guilty to a one count information charging a violation of 18 U.S.C. § 1326(a)(b)(2), illegal re-entry into the United States after having been previously deported based on a felony conviction. The plea was pursuant to a written plea agreement which provided for an agreed upon sentence of 57 months pursuant to FED. R. CRIM. P. 11(c)(1)(C). That sentence, 57 months, was at the lowest end of the Guideline range which was 57-71 months. The Court, after a fully and complete colloquy under FED. R. CRIM. P. 11, took the plea and subsequently imposed the agreed upon 57 month sentence. Benitez-Gomez did not appeal the sentence but has filed this § 2255 petition.

In the petition Benitez-Gomez claims that the sentence was improperly enhanced under the Guidelines and that his plea was not knowing and voluntary and that the Court applied the Sentencing Guidelines in a mandatory fashion. I find all of the arguments to be without merit.

First of all, as the Government notes, the plea agreement provided that as part of the bargain, the defendant waived and gave up his right to directly appeal the sentence or bring a collateral proceeding, such as this present petition. The plea agreement was clear on the matter and there is no reason not to enforce the agreement. Benitez-Gomez obtained some benefit from the plea agreement, that is, he was to be sentenced at the lowest end of the Guideline range and, therefore, he must accept all the other terms of the agreement. For this reason alone, I would deny and dismiss the petition. The authority cited in the Government's response (Dkt. #26) carefully analyzes the law on the subject which I find compelling and persuasive.

Benitez-Gomez also claims that the plea was not knowing and voluntary. A review of the transcript of the proceedings belies such an argument. Benitez-Gomez was represented by experienced counsel, and the transcript of the Rule 11 plea colloquy demonstrates the district court's care in making sure that Benitez-Gomez understood the plea, the plea agreement and its consequences. This is especially so since one of the principal aspects of the plea agreement was the agreement that the defendant would be sentenced to a 57 month term. There could be no surprise or confusion since that sentence was specifically contained in the plea agreement and discussed during the plea colloquy. There is no basis whatsoever to believe that defendant entered this plea unknowingly or involuntarily.

Benitez-Gomez's arguments about the Sentencing Guidelines is of no moment in this case. The parties indicated in the plea agreement what they expected the Guideline range to be based on the defendant's significant criminal history and the nature of the offense. The attorneys then agreed, and Benitez-Gomez concurred, that if the Court accepted the plea, the sentence would be 57 months. The Court's discretion was, therefore, limited. If the Court accepted the plea agreement, which it did, it had to impose the 57 month sentence. Benitez-Gomez's arguments concerning the Sentencing Guidelines are, therefore, without merit.

## CONCLUSION

The motion of defendant Benitez-Gomez (Dkt. #22) to vacate the Judgment and Conviction pursuant to 28 U.S.C. § 2255 is denied and the petition is dismissed.

I decline to issue a certificate of appealability because Benitez-Gomez has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       November 6, 2008.